# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. SHERMAN, et al.,<br><br>　　　　Defendants. | **Case No. 1:18-cv-00797-DAD-JLT (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>**(Docs. 2, 5, 6)**<br><br>**21-DAY DEADLINE** |

## BACKGROUND

Plaintiff has filed two motions to proceed *in forma pauperis* along with this civil rights action pursuant to 42 U.S.C. § 1983. (Docs. 2, 6.) On the second page of both of his motions, Plaintiff acknowledges that he settled a civil suit in February of this year for the sum of $20,000.00. Plaintiff indicates that he is awaiting payment of that sum from the State of California, pending the budget. For the reasons discussed below, the Court recommends that Plaintiff's motion to proceed *in forma pauperis* in this action be denied, but instead of dismissing this action, Plaintiff be given a lenient deadline to pay the filing fee in full.

## DISCUSSION

**I.　Legal Standard**

An indigent party may be granted permission to proceed *in forma pauperis* upon

1

submission of an affidavit showing inability to pay the required fees. 28 USC § 1915(a). The determination as to whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's sound discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (reversed on other grounds).

Proceeding "*in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). The Court must exercise care "to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984), citing *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). "If an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required, in the First Circuit's phrase, to 'put his money where his mouth is.'" *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989) (affirming district court denial of *in forma pauperis* where in past 12 months, plaintiff received a sum of $5,000 settling a civil action and no indication it was unavailable to plaintiff) (citing, *Temple*, 586 F.Supp. at 851(quoting *In re Stump*, 449 F.2d 1297, 1298 (1st Cir. 1971) (*per curiam*)).

Though not in his possession at the time he filed this action, Plaintiff honestly and candidly admits that he recently settled a civil action for $20,000.00 and is awaiting payment from the State of California. Though Plaintiff is not currently in possession of these funds, he should receive them in approximately another 2-3 months. Thus, Plaintiff's applications to proceed *in forma pauperis* should be denied, but rather than being dismissed, Plaintiff should be granted an extension of time to pay the $400.00 filing fee in this action.

The determination whether a party can proceed *in forma pauperis* is a "matter within the discretion of the trial court and in civil actions for damages should be allowed only in exceptional circumstances." *Weller v. Dickinson*, 314 F.2d 598, 600 (9th Cir. 1963); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("court permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process"). Plaintiff's pending receipt of a significant settlement sum does

2

not show the exceptional circumstances necessary to grant his applications to proceed *in forma pauperis*.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Plaintiff's applications to proceed *in forma pauperis*, filed on June 11, 2018 (Doc. 2) and July 5, 2018 (Doc. 6) be **DENIED, that the action be STAYED** and that Plaintiff be required to pay the $400.00 filing fee no later than August 31, 2018, and the stay lifted once he is in receipt of his settlement funds.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is informed that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**July 25, 2018**__         __/s/ Jennifer L. Thurston__
                                                       UNITED STATES MAGISTRATE JUDGE