UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ALVARO QUEZADA, | Case No. 1:18-cv-00797-DAD-JLT (PC) |
|---|---|
| Plaintiff, | **ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS AND DIRECTING PLAINTIFF TO FILE A THIRD AMENDED COMPLAINT** |
| v. | |
| SHERMAN, et al., | (Doc. 23) |
| Defendants. | 21-DAY DEADLINE |

On November 18, 2019, the Court issued findings and recommendations to dismiss this action for failure to state a claim on which relief can be granted. (Doc. 23.) Plaintiff filed objections to the findings and recommendations on January 10, 2020. (Doc. 26.)

In his objections, Plaintiff provides additional factual allegations related to his deliberate indifference and retaliation claims. For example, he alleges that a defendant had firsthand knowledge of Plaintiff's medical condition or disability, given that he observed Plaintiff struggling to walk and being assisted by his cellmate on a daily basis. (*Id.* at 19.) This allegation, coupled with Plaintiff's fall on the morning of June 28, 2017, may show that the defendant was aware of a substantial risk of serious harm to Plaintiff when he forced him to walk down the stairs during the afternoon of June 28, 2017. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Additionally, Plaintiff alleges that, as soon as he transferred to R.J. Donavan Correctional Facility, his doctor provided him adequate pain medication and accommodations that were

repeatedly denied by his doctor at Substance Abuse Treatment Facility, Corcoran. (Doc. 26 at 4.) Though mere differences in medical opinion are insufficient to state a claim under the Eighth Amendment, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the allegation that Plaintiff repeatedly complained to his doctor at SATF that his medication and accommodations were inadequate, (*see* Doc. 26 at 4), coupled with the immediate provision of adequate medication and accommodations at RJDCF, may show that the SATF doctor was deliberately indifferent to his pain or condition.

Plaintiff also alleges that, when he requested to be moved to a lower-tier cell due to his condition or disability, a defendant officer moved his cellmate instead, even though the cellmate is able-bodied and assisted Plaintiff with his movements (see above). (*Id.* at 9.) The defendant then asserted in a subsequent rules violation report against Plaintiff that no lower-tier bunks were available, even though he had just moved Plaintiff's cellmate to one such bunk. (*Id.* at 12.) These inconsistencies, if true, are evidence of ill-intent.

In addition to providing the factual allegations above, Plaintiff states that the Court did not screen his claim under the Americans with Disabilities Act (ADA). (*See id.* at 1.) Under "Claim 1" of his complaint, Plaintiff states, "Plaintiff will bring two legal claims under the … 8th Amendment cause of actions and a 1st Amendment cause of actions [sic]." (*Id.* at 6.) Under "Claim 2" of his complaint, Plaintiff states, "1st Amendment rights were violated." (*Id.* at 22.) Based on these statements, the Court found that Plaintiff only raised claims under the First and Eighth amendments. However, the Court acknowledges that Plaintiff mentions the ADA under the "Supporting Facts" of Claim 1. (Doc. 22 at 9, 11, 17.)

For the reasons above, the Court WITHDRAWS its findings and recommendations (Doc. 23) and ORDERS Plaintiff to file a third amended complaint **within 21 days** of the date of service of this order. The Clerk of the Court is DIRECTED to send Plaintiff a civil rights complaint form. The amended complaint should include the factual allegations listed above and must cure the deficiencies identified in the Court's findings and recommendations (Doc. 23).[1] If

---

[1] The Court notes that, even with his additional allegations, Plaintiff does not state a cognizable claim of supervisory liability against the warden of SATF, as he argues in his objections. (Doc. 26 at 24-25.) Plaintiff's facts are insufficient to show that the warden's actions or failures to act meet the high legal standard of deliberate indifference,

2

Plaintiff wishes to raise an independent claim under the ADA, he must explicitly do so in his amended complaint.

As stated in the Court's screening order (Doc. 19), Plaintiff SHALL LIMIT his complaint to **20 pages or less** and SHALL NOT include exhibits. In addition, Plaintiff shall provide only facts; he should not provide legal arguments. **If Plaintiff fails to comply with this order, the Court may recommend that this case be dismissed for Plaintiff's failure to obey court orders.**

IT IS SO ORDERED.

    Dated: **February 6, 2020**             /s/ Jennifer L. Thurston
                                                                   UNITED STATES MAGISTRATE JUDGE

---

*see Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978), or that the warden was on actual notice of a pattern or practice of constitutional violations, such that his failures to act, train, or discipline constituted approval or acquiescence to such practice. *See Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011); *Henry v. Cty. of Shasta*, 132 F.3d 512, 519 (9th Cir. 1997), *as amended by* 137 F.3d 1372 (9th Cir. 1998).