Plaintiff's Name ALVARO QUEZADA

Inmate No. P-90436

Address c/o 480 Alta Rd., On San Diego, On Calif. [ 92179 ]

IN PROPRIA PERSONA



FILED

FEB 2 1 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF CALIFORNIA

ALVARO QUEZADA

(Name of Plaintiff)

vs.

S. SHERMAN, ET AL.,

Def.1). N. AKABIKE, M.D.,

Def.2). J. HARRIS, Correctional Officer,

Def.3). R. CEJA, Correctional Officer,

Def.4) S. SHERMAN, Warden for SATF,

(Names of all Defendants)

1:18-cv-00797-DAD-JLT-PC
(Case Number)

Third Amended Complaint -(TAC)

**AMENDED CIVIL RIGHTS COMPLAINT UNDER:**

☑ **42 U.S.C. 1983 (State Prisoner)**, 42 U.S.C. 1985 & ADA-Statutes

☐ **Bivens Action [403 U.S. 388 (1971)] (Federal Prisoner)**

RECEIVED

FEB 21 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

**I. Previous Lawsuits (list all other previous or pending lawsuits on additional page):**

A. Have you brought any other lawsuits while a prisoner? Yes X No____

B. If your answer to A is yes, how many? 8

Describe previous or pending lawsuits in the space below. (If more than one, attach additional page to continue outlining all lawsuits in same format.)

1. Parties to this previous lawsuit: NO

Plaintiff ALVARO QUEZADA,

Defendants A. HEDGPETH, ET AL.,

2. Court (if Federal Court, give name of District; if State Court, give name of County)
EASTERN DISTRICT COURT

3. Docket Number 1:08-1404-FRZ     4. Assigned Judge F.Zapata,

5. Disposition (Was the case dismissed? Appealed? Is it still pending?) Settled On Appeal case No.14-16974

Second Prior Lawsuit:

ROBERT MITCHELL,

      vs.

MATTHEW CATES, ET AL.,

EDC

Case No. 2:08-cv-01196

Not Known

Settled

RACE BASED POLICIES

2008

Case Settled

Third Prior Lawsuit:

ALVARO QUEZADA,

      vs.

A. HEDGPETH, ET AL.,

EDC

Case No. 1:09-cv-01856

Unknown

Case Dismissed per RULE 41(a)/Closed

Retaliation claims & RACE BASED POLICIES

2009

Closed.

Fourth Prior Lawsuit:

ALVARO QUEZADA

      vs.

A. HERRERA, ET AL.,

Continuation from Section I. 1.

EDC

Case No. 1:10-cv-00483

Unknown

Case was dismissed &Closed

Retaliations & others

2010

Case Closed

Fifth Prior Lawsuit:

ALVARO QUEZADA,

      vs.

R. LINDSEY, ET AL.,

EDC

Case No. 1:10-cv-01402

Unknown

Case was settled.

1st, 8th, & 14th Amendments

2010

Case Closed.

Sixth Prior Lawsuit:

ALVARO QUEZADA,

      vs.

MATTHEW CATES, ET AL.,

EDC

case No. 1:13-cv-00960

Unknown

Continuation from Section I. 1.

Case Settled
1st, 14th, RLUIPA,
Case Settled & Closed in 2013

Seventh Prior Lawsuit:
ALVARO QUEZADA,

     vs.

D.B. LONG, et al.,
CDC
EDCV-15-00613
Unknown
case was settled
1st, 8th, 14th, & RLUIPA

Eighth Prior Lawsuit:
Alvaro: Quezada-SPC

     vs.

WARDEN, N. MCDOWELL, ET AL,.
CDC
Case No. EDCV-18-0251-VBF-KS
Unknown
Case Pending
1st Amendment
2018
Pending.

6. Filing Date (approx.) __2008__          7. Disposition Date (approx.) __Settled__

## II. Exhaustion of Administrative Remedies

**NOTICE:**    Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prior to filing suit, inmates are required to exhaust the available administrative remedy process, *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1999 (9th Cir. 2002), and neither futility nor the unavailability of money damages will excuse the failure to exhaust, *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 988 (2002). If the court determines that an inmate failed to exhaust prior to filing suit, the unexhausted claims will be dismissed, without prejudice. *Jones*, 549 U.S. at 223-24, 127 S.Ct. at 925-26.

A. Is there an inmate appeal or administrative remedy process available at your institution?

Yes__X__    No_____

B. Have you filed an appeal or grievance concerning ALL of the facts contained in this complaint?

Yes__X__    No_____

C. Is the process completed?

Yes__X__          If your answer is yes, briefly explain what happened at each level.

At the order of this court I've been instructed to not attache any Exhibits... I have listed my objections

below...

_____

_____

_____

No_____          If your answer is no, explain why not.

_____

_____

_____

_____

## III. Defendants

List each defendant's full name, official position, and place of employment and address in the spaces below. If you need additional space please provide the same information for any additional defendants on separate sheet of paper.

A. Name __N. AKABIKE,__          is employed as __The M.D. at SATF Facility-B__

Current Address/Place of Employment __900 Quebec Ave., Corcoran, CA 93212__

B. Name  J. HARRIS  is employed as  A Correctional Officer, at Substance Abuse Treatment Fac., SATF.

Current Address/Place of Employment  900 Quebec  Ave., Corcoran CA  93212

C. Name  R. CEJA  is employed as  A Correctional Officer, At SATF

Current Address/Place of Employment  900 Qubec Ave, Corcoran, CA  93212

D. Name  S, SHERMAN,  is employed as  The Warden for SATF

Current Address/Place of Employment  900 Qubec Ave.,  Corcoran, CA 93212

E. Name _____ is employed as _____

Current Address/Place of Employment _____

**IV. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary. Must be in same format outlined below.)

Claim 1: The following civil right has been violated (e.g. right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.):
SEE ATTACHED PAGES, Plaintiff will bring  Three (3) Legal Claims under the Del Son Tort process for the 8th

Amendment, The American With Disabilities Act-ADA, and the 1st Amendment Claims...

Supporting Facts (Include all facts you consider important to Claim 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Claim 1.):

SEE ATTACHED PAGES, THEY WILL LIST THE CAUSE OF ACTIONS IN DETAIL. Def.s'1-4) listed supra are State Agents

and they are all being sued in their Individual Capacities for conspiring to further Acts of Deliberate

Indifferences motivated by  retaliations for exercising a set of protected conducts of Free Speech, Right Of

Petition, and/or for maintaining several Federal suits against CDCR-Agents. Plaintiff was discriminated by

Def.1) Akabike  where plaintiff was denied to participate in the ADA-programs where Def.1) acted with culpable-

ness to a serious medical need & was denied ADA-Accommodations relating to a Medically Necessary Mobility

Appliance.

1. Plaintiff files this 1983 civil suit against the following Defendants (Def.s') fromherein, Def.1) Dr. Akabike, Def.2) c/o Harris, Def.3) c/o Ceja, and Def.4) Sherman the Warden for "Substance Abuse Treatment Facility" (SATF) fromherein, for allowing his subordinates to engage in malicious unconstitutional acts of culpable indifferences towards plaintiff's serious medical needs via the denial to adequate medical care and ADA-Accommodations to a serio us medical need.

2. Plaintiff's 8th Amendment rights were maliciously violated by Def.1) Akabike where she denied and/or delayed access to adequate medical care and/or placed plaintiff in a substantial high risk that lead to plaintiff being seriously harmed, do to Def.1) Akabike acting culpably indifferent towards plaintiff's serious medical needs.

3. Def.1) Akabike acted deliberately indifferent towards plaintiff's serious medical needs and ADA-Disabilities where plaintiff suffered from serious intractable pain that has had a significant affect on plaintiff's ability to walk, stand, and/or function on a daily basis.

4. Plaintiff filed numerous 7362 medical forms repeatedly requesting to have plaintiff's medical file corrected or updated to reflect plaintiff's progressive degenerative disabling conditions. Def.1) acted with inaction and refused to update plaintiff's serious medical needs and/or disabilities into plaintiff's medical file, violating the "INFORMATION PRACTICE ACT" AND 'DOM §§s' 13030.1, 13030.10, AND 13030.13.2...", where Def.1) is obligated to make every reasonable effort to ensure that the Medical Information is [A]ccurate, [T]imely, [R]elevant, and [C]omplete.

5. Plaintiff was inappropriately assigned to a dining assignment and was housed on a top tier assignment despite plaintiff's serious medical needs and disabilities. Plaintiff repeatedly informed Def.1) Akabike to update plaintiff's medical classification Chronos' MCC-128-C3 to reflect plaintiff's serious medical needs, and progressive disabilities so that plaintiff could be removed from this high risk dining assignment... and so that plaintiff could be properly housed on a lower lower bunk, to no avail.

6. On April 26, 2017 plaintiff was adversely transferred to SATF-Level-II, from Ironwood State Prison-ISP Level-III. Upon arrival to SATF plaintiff immediately informed verbally and in writing to both medical and custody agents that plaintiff suffers from progressive and degenerative

Continuation From Section IV. Claim I
8th Amendment Violations
Def.1) Akabike

disk disease-DDD and severe stenosis. Plaintiff also informed medical agents of plaintiff's severe intractable back pains that had significantly affected plaintiff's ability to walk, stand, and/or sit down for prolong periods, based on the debilitating back pain plaintiff suffered from, that has left plaintiff immobile.

7. Upon arrival to the housing unit the c/os' informed plaintiff that the SOMS did not reflect plaintiff's serious medical conditions, and these c/os' were requiring plaintiff to produce the MCC-128C3 chronos, or to write to medical to correct this error surrounding plaintiff's medical conditions. Plaintiff's immediate response was to file a 7362 medical form seeking Dr. Akabike to update plaintiff's MCC-128C3, and plaintiff also requested for adequate medical care to plaintiff's serious medical needs.[1]

8. On May 3, 2017 plaintiff was interviewed by Counselor-CC-I J. Mendez where plaintiff informed this custody agent of plaintiff's serious medical needs and severe disabilities that affected plaintiff's ability to walk, stand, and/or sit for prolong periods of time, based on the serious back pain plaintiff suffers from. Plaintiff informed this agent that I was not physcially able to work, do to my disability. CC-I Mendez requested plaintiff to produce a medical chrono, however, plaintiff's legal boxes were being held hostage by R&R-agents and plaintiff was being denied access to these documents.

9. On May 4, 2017 plaintiff was taken before a "Unit Classification Committee" (UCC), where plaintiff was denied the right to participate in this hearing and was animusly discriminated by this committee where plaintiff was not allowed to discuss plaintiff's serious medical needs and ADA-disabilitie!s. Plaintiff appealed these actions log no. SATF-B-17-02333.

10. On May 9, 2017 plaintiff filed another 7362 Medical slip again seeking medical care to Def.1) relating to plaintiff's serious medical needs and plaintiff's intractable pain issues.

(1). It is plaintiff's objections to ECF No.28 relating to Magistrate's J.L. Thurston at 3:4 where she ordered plaintiff to do the following: "THAT PLAINTIFF SHALL NOT INCLUDE EXHIBITS IN THE TAC"...
Plaintiff reserves all rights where plaintiff is able to prove all facts asserted in this TAC...
Plaintiff incorporates plaintiff's objections in ECF No.26 at6:20-28 - 7:1-20 into this complaint...

Plaintiff also alerted Def.1) of plaintiff being inappropriately assigned to a dining assigment and plaintiff not being able to perform any dining assigments all do to plaintiff's serious medical needs and disabilities.

11. On May 10, 2017 plaintiff immediately reported to dining supervisor J. Oregel and I informed him of plaintiff's serious medical needs and disabilities that severely affected plaintiff's abilities to work and/or to contract with CDCR-Agents. C/O Oregel instructed plaintiff to go to medical to get plaintiff's Medical chronos' updated to reflect plaintiff's current medical needs and disabilities.

12. On May 11, 2017 plaintiff was medically evaluated by Def.1) Akabike where Def.1) acted with culpable indifference towards plaintiff's serious medical needs and severe disabilities. Def.1) also refused to update plaintiff's medical classification chronos' to reflect plaintiff's serious medical needs and disabilities, and then denied plaintiff adequate pain medication to treat plaintiff's intractable pain, and/or to provide plaintiff with an alternative pain treatment using the TINS Unit.

13. On May 21, 2017 plaintiff again filed another 7362 medical form to Def.1) again seeking the adequate medical care towards plaintiff's intractable back pain, that was substantially affecting plaintiff's daily functions and abilities to walk, stand, and/or sit for prolong periods of time.

14. On June 4, 2017 plaintiff filed a CDCR-1824 Reasonable Accommodation Request Log No. SATF-B-17-02682 alerting both custody and medical supervisors of plaintiff's serious medical needs and plaintiff's debilitating pain issues that was and is affecting plaintiff's mobilities. Plaintiff also requested for ADA-Services and to be accommodated with a cain and to be removed from this inappropriate assignment that was placing plaintiff at serious high risk.

15. On June 22, 2017 the "Reasonable Accommodation Pannel" RAP denied plaintiff's ADA-Request and discriminated plaintiff from participating in the ADA-programs and/or to receive any ADA services when both Def.1) and the RAP committee members refused to accommodate plaintiff with a mobility appliance, despite plaintiff's repeated requests and/or where plaintiff suffered from serious medical needs and intractable pain that affected plaintiff's mobility.

16. On June 27, 2017 plaintiff filed a medical appeal log no. SATF-HC-17065168 appealing the ADA-Deprivations, 8th Amendment violations where Def.1) acted with inactions to continue to place plaintiff at seriousrisk based on Def.1)'s malicious acts or failure to respond to plaintiff's serious intractable pain issues that had disabled plaintiff's mobilities and/or abilities... Def.1) also refused to update and correct plaintiff's medical file to reflect plaintiff's current serious medical needs, that which lead the RAP-Committee to make its denial decision on the misinformation of plaintiff's medical files.

17. On June 28, 2017 plaintiff was verbally threatened by 2nd Watch Lt. Averson when he stated to plaintiff that I would be issued an RVR for not reporting to the dining assignment. Plaintiff again informed Lt. Averson that plaintiff was not physically able to perform any work duties based on plaintiff's severe disabilities and serious medical needs. Lt. Averson ordered plaintiff to go to medical to obtain a lay-in, or else be punsihed. This was the first time plaintiff was verbally threatened and coerced with sanctions for being disabled by custody.

18. On June 28, 2017 plaintiff fell twice in one day while coming donw the top tier stairs. The first fall was when plaintiff was reporting to medical to obtain a lay-in under duress of being punitively sanctioned. Plaintiff fell do plaintiff's severe stenosis and DDD a serious medical need that causes plaintiff's right leg to give out. Plaintiff was severely further injured and plaintiff went man down and requested medical emergency care... Def.1) Akabike again refused to treat plaintiff's serious medical needs and the intractable pain, and/or refused to update correctly plaintiff's medical file even after plaintiff had fell a second time. Def.1) also refused to provide plaintiff an ADA-Mobility appliance, e.g., a cain, or wheelchair, even after plaintiff had fallen twice in one day and was severely injured.

19. On June 28, 2017 immediately after plaintiff went man down, plaintiff was taken to CIC to be treated from the further serious back injuries and severe intractable pains. Plaintiff again requested for an ADA-Applliance to Dr. Metts working CIC. Dr. Metts denied plaintiff's ADA-Accommodation request to a medically necessary condition, and stated to plaintiff that the only Dr. who could provide plaintiff with an ADA-Applliance was Def.1) Akabike.

20. Plaintiff continued to file more 7362 medical forms to Def.1) seeking the treatment to plaintiff's serious medical needs and to the intractable back pains plaintiff was suffering from. Plaintiff also continued to seek an ADA-Accommodations to Def.1) based on the further mobility disabilities that plaintiff was suffering from, do to the two falls in 'one day that furthered plaintiff's injuries and mobility issues.

21. Def.1) continued to act culpably indifferent towards plaintiff's serious medical needs and disabilities, when Def.1) continued with the same course of unconstitutional treatment that denied plaintiff's adequate medical care to treat plaintiff's serious intractable pain issues, or to correct or update plaintiff's medical chronos' to reflect plaintiff's serious medical needs and disabilities and/or to provide plaintiff with an ADA-Appliance.

22. On July 23, 2017 plaintiff filed out another medical slip appeal log no. SATF-HC-1706528 against Def.1) Akabike for continuing her malicious culpable acts to be indifferent towards plaintiff's 8th Amendment Rights and ADA-Discriminations against plaintiff, when she denied plaintiff the right to participate in the ADA-Programs.

23. Def.1) Akabike acted with animus intent to further plaintiff's suffering of unnecessary wanton and infliction of pain when Def.1) refused to treat plaintiff's intractable pain issues. Def.1)'s culpableness extended to denying to update plaintiff's medical classification Chronos' MCC-128C3, and/or to provide plaintiff the medically necessary ADA-Appliances for plaintiff's medical disabilities that affected plaintiff's mobility abilities, all caused by plaintiff's severe Stenosis and DDD that is progressive and degenerative that causes plaintiff to suffer from serious intractable pain issues.

24. Plaintiff will demonstrate that Def.1) Akabike acted with malicious intent to cause plaintiff further serious harm and inflicted severe pain on plaintiff until plaintiff was transferred to RJD-Donovan, where plaintiff was finally treated with proper pain treatment to plaintiff's serious medical needs, and plaintiff was immediately provided with an ADA-appliance for plaintiff's severe ADA-Disabilities.

25. Def.1) Akabike acted culpably indifferent to plaintiff's serioius medical needs when she refused to provide plaintiff the appropriate pain medications to help allievate plaintiff's severe intractable pain issues that lasted over 4 months while under her care. Plaintiff's pain issues have been all caused by plaintiff's progressive and degenerative DDD and stenosis where Def.1) maliciously acted with indifference towards these serious medical needs.

26. Plaintiff asserts that the mere fact that plaintiff repeatedly requested Def.1) for medical care to treat plaintiff's severe pain issues and to provide plaintiff with an ADA-Appliances and the mere fact that Def.1) repeatedly denied plaintiff these medically necessary treatments... and immediately after plaintiff was transferred to RJD, where the FCP at RJD immeditately provided plaintiff with adequate medication towards plaintiff's intractable pain issues and when plaintiff was immediately provided with adequate ADA-Accommodations, this establishing that Def.1) was deliberately indifferent towards plaintiff's pain and conditions. These factual allegations plausibly support the elements of the violations of plaintiff's 8th Amendment Rights, and ADA-Rights where plaintiff demonstrated that Def.1) acted under the color of State Law and oath of office that violated plaintiff's constitutional rights and ADA-Statutory Rights, a prima facie case has been establihed in the following:

•Plaintiff placed Def.1) Akabike on Legal Notice of plaintiff's serious medical needs, and Disabilities that establishes that plaintiff had a serious medical need... and that plaintiff was not mobile based on plaintiff's degenerative disk disease. DDD, Stenosis, which causes plaintiff to suffer from intractable back and leg pains...

•Def.1) acted culpably indifferent to plaintiff's serious medical needs where Def.1) refused to provide plaintiff with proper pain medications, or even to provide plaintiff with an alternative pain treatment via a TINS Unit, or provide plaintiff with medically necessary ADA-Mobility appliances, thus violating plaintiff's 8th And ADA-Rights...

•Def.1) continued to attempt to place plaintiff at further high risk, by attempting to recycle Adjunction Medications that plaintiff was severely allergic too... These Adjunction Med.s' are recorded in plaintiff's medical file to had severely have adverse reactions to plaintiff's mental health, when these medications were physicotropic medications that Def.1) repeatedly attempted to prescribe plaintiff-for-plaintiff's severe pain issues... Plaintiff was denied adequate pain treatment and forced to suffer unnecessary & wanton infliction of pain by Def.1)'s failure to respond reasonably to plaintiff's serious medical needs...

•Def.1) Akabike refused to correct or update plaintiff's medical file or medical chronos' to reflect plaintiff's current progressive DDD and Stenosis that has disabled plaintiff severely... These inactions by Def.1) lead to the arbitrary and malicious assignment of

1 •plaintiff to a dining hall position... to plaintiff being inappropriately housed on the
2 top tier where plaintiff fell twice in one day on June 28, 2017, where this caused
  plaintiff to be further injured from his lower back and leg where this worsened plaintiff's
3 pain issues and severely made plaintiff further immobile... and plaintiff now suffers from
  permanently severe disability that requires plaintiff to be in a wheelchair for life...

4 •Def.1) acted culpably indifferent towards plaintiff's serious medical needs/disabilities
5 when Def.1) maliciously refused and denied plaintiff's repeated medical requests to be
  treated and tobe provided an ADA-Appliannce based on plaintiff's severe pain issues and
6 severe mobility issues... Def.1) forced plaintiff to walk without an ADA-Appliance, stand,
  and/or climb top tier stairs without any ADA-Appliances and/or to be housed appropriately
7 to a lower lower bunk... Plaintiff was transferred to RJ. Donovan and plaintiff's PCP
  provided plaintiff's the adequate pain medications and ADA-Accommodations that Def.1) repeat-
8 edly denied plaintiff... Def.1) malciously refused plaintiff the medically necessary
  treatments while under her care...
9
10 •Def.1) Akabike caused plaintiff to be severely injured and suffer further serious intractable
  pain based on Def.1)'s inactions and culpablacts of being indifferent to plaintiff's serious
11 medical needs that plaintiff repeatedly alerted Def.1)... Def.1) is legally liable for
  emotional damages, punitive damages, and compensatory damages based on her failure to act
12 when constitutionally required to act where her failure to abate these serious high risk
  caused plaintiff to be permanently injured for life...

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

27. On June 28, 2017 Def.2) Harris violated plaintiff's 8th Amendment rights when Def.2)
acted culpably indifferent to plaintiff's Health And Safety, and/or to plaintiff's ADA-Rights when
Def.2) acted deliberately indifferent to the substantial high risks when Def.2) failed to protect
plaintiff when Def.2) exposed plaintiff to a high risk conditions that ultimately caused plaintiff to
be severely furthered injured.

28. On June 28, 2017 during 3rd watch Def.2) Harris was informed by plaintiff's care taker
who was plaintiff's bunky where I/M Cruz CDCR# J-02309 informed Def.2) that plaintiff had fell during
2nd watch while coming down the top tier to report to medical for a lay-in. Def.2) was also alerted
by 2nd watch agents of plaintiff's serious fall and medical emergency. Plaintiff's care taker request-
ed Def.2) to please move both plaintiff and plaintiff's care taker to a lower lower bunk, based on
plaintiff's serious medical needs and severe ADA-Mobilities that had gotten worse do to the fall,
where plaintiff was severely disabled and not able to go up or down the stairs do to the fall during
2nd watch.

29. Def.2) Harris and Def.3) Ceja both conspired with 3rd watch Lt. to deny plaintiff's
ADA-Accommodations and acted culpably indifferent towards plaintiff's serious medical needs and
disablities that required plaintiff to be moved to a lower lower bunk to prevent plaintiff from
further falls and injuries. Def.2) and Def.3) both made malicious assuptions that plaintiff was
"FAKING" plaintiff's serious medical needs and mobilities, including the June 28, 2017 fall during
2nd watch.

30. Def.2) and Def.3) both had firsthand personal knowledge of plaintiff's severe medical
conditions and disabilities where these two Def.s'2-3) observed plaintiff struggling to walk to
chow everyday, and they also witnessed plaintiff being assisted by plaintiff's bunky I/M Cruz who
was plaintiff's care taker. On a daily basis these Def.s' would watch plaintiff struggle to chow,
yet both Def.s'2-3) forced plaintiff to walk down the stairs despite plaintiff's earlier fall that
morning on June 28, 2017.

31. Def.2) Harris after plaintiff's care taker I/M Cruz requested on behalf of plaintiff to
have both of us moved to a lower lower bunk, Def.2) instructed plaintiff's care taker who is

1  (AN ABLE BODY) to roll up his property because he was being moved to another unit to a lower lower

2  bunk, however, plaintiff was to remain on the top tier inspite of plaintiff's serious medical needs

3  and severe disabilities and/or plaintiff's earlier fall that further seriously injured plaintiff's

4  and affected worse plaintiff's mobility.

5      32. Def.s'2) Harris and Def.3) Ceja both acted with culpable indifferences towards plaintiff'

6  s serious medical needs and safety where Def.2) conspired with Def.s3) Ceja and other unidentified

7  SATF-agents to place plaintiff at further substantial high risk of being further seriously injured,

8  when these Defs.s'2-3) et al., remained plaintiff on the top tier and at the same time the Def.s'

9  2-3) moved plaintiff's care taker to another unit to a lower lower bunk when he was (AN ABLE BODY)-.

10     33. On June 28, 2017 Def.2) Harris maliciously falsified an RVR Log No.2931126 punishing

11  plaintiff for being disabled and for seeking ADA-Accommodations to be housed to a lower lower

12  bunk do to plaintiff's serious medical needs and severe disabilities. Def.2) Harris perjured himself

13  while under oath when he filed in the RVR intentionally lying in the RVR falsely alleging the

14  following:'"That Def.2) had advised plaintiff that he had no available bunks for plaintiff at the

15  moment", even though Def.2) Harris had just moved plaintiff's care taker (WHO IS AN ABLE BODY WITH

16  NO DISABILITY), to another unit to a lower lower bunk, proving Def.s'2-3)'s malicious intent to

17  cause plaintiff harm.

18     34. On July 24, 2017 plaintiff filed an appeal log no. SATF-A-17-04075 appealing these

19  malicious deprivations and substantial high risks that ultimately injured plaintiff severely and

20  parmanently. Def.2) Harris and Def.3) Ceja had a legal duty of care owed to plaintiff and a legal

21  oath of office to the public where both Def.s'2-3) acted with deliberate indifferences when Def.s'

22  2-3) both conspired to move plaintiff's care taker (AN ABLE BODY) to a lower lower bunk, while

23  remaining plaintiff on the top tier with severe disabilities, and then forced plaintiff to walk down

24  a second time the stairs inspite of plaintiff's serious disabilities and recent injury.

25

26     35. These factual allegations described supra plausibly support the elements of violating

27  plaintiff's 8th Amendment rights,ADA-Rights, and plaintiff's bill of rights when both Def.s2-3)

28  conspired to acted culpable towards plaintiff's serious medical needs, towards plaintiff's serious

1  disabilities and towards plaintiff's safety... Def.s'2-3) acted under the color of State Law and

2  oath of office to violate plaintiff's 8th Amendment Rights, ADA-Rights, and The Bill of Rights where

3  a 'Prima Facie Case' has been established in the following:"

4  •Plaintiff was denied an ADA-Accommodation for Medical housing by Def.s'2-3) after

5  plaintiff had fallen from the top tier on June 28, 2017 during 2nd watch and had a
   Medical Emergency where plaintiff had further severely injuried plaintiff's back and

6  right leg... Def.2) Harris conspired with Def.3) Ceja et al., to move plaintiff's care
   taker who is (AN ABLED BODY WITH NO DISABILITY) and who assisted plaintiff with my

7  movements, the Def.s'2-3) moved I/M Cruz to a lower lower bunk while remaining plaintiff
   on the top tier who had severe disabilities and suffered from serious medical needs...

8  To add the malicious intent to cause plaintiff further harm, Def.2) Harris then falsely
   asserted in his retaliatory RVR filed against plaintiff surrounding the June 28, 2017

9  second fall, where Def.2) stated the following in the false RVR: "THAT HE TOLD PLAINTIFF
   THAT THERE WERE NO LOWER LOWER TIER BUNKS AVAILABLE"... even though he had just moved

10 plaintiff's care taker to a lower lower bunk...

11 •Def.2) Harris and Def.3) Ceja both caused plaintiff to be further severely injured

12 permanently, this makes them liable for emotional damages, punitive damages, and
   compensatory damages, based on both Def.s'2-3)'s acting culpable towards plaintiff's

13 serious medical needs, safety, and ADA-Needs...

14 •And Def.s'2-3) failed to protect plaintiff's overall health and safety... or they failed
   to abate the serious high risk that lead to plaintiff's irreparable harm and now

15 suffers from severe intractable pain and severe mobilities that has become permanently
   and degenerative...

16

17

18

19

20

21

22

23

24

25

26

27

28

36. On June 28, 2017 Def.s3) Ceja working 3rd watch conspired with Def.s'2) Harris and et al., to deny plaintiff's ADA-Accommodation Requests to be moved to a safer housing bunk, specifically to a lower lower do to plaintiff's serious medical needs, and severe mobility limitations from an existing serious back injury, and a recent fall during 2nd watch while coming down the stairs where this further injured plaintiff and affected plaintiff more severely.

37. Def.3) Ceja violated plaintiff's 8th Amendment rights when Def.3) denied plaintiff 'MEDICAL EMERGENCY CARE' when Def.3) refused to activate his alarm when plaintiff was coerced by Def.s'2-3) to go down the stairs or else be punished. These threats by Def.s2-3) caused plaintiff to fall a second time and severely injured plaintiff again.

38. Plaintiff was threatened and then punished by both Def.s'2-3) for being ADA, and for requesting for medical attention (e.g., MEDICAL EMERGENCY CARE). After plaintiff had fallen a second time while being forced under duress of threats to down the stairs, plaintiff went man down and was yelling for medical emergency to Def.3) Ceja... Def.s3) Ceja walked over to the edge of the top tier and looked at plaintiff on the floor in serious pain, and then stated to plaintiff, that plaintiff was 'FAKING' then waved off plaintiff and instructed the other c/os' that were searching plaintiff's POD in retaliations, to continue searching and to ignore plaintiff's calls for emergency care. Def.s'3) Ceja acted culpably indifferent towards plaintiff's medical emergency care.

39. Immediately after this complete disregard to plaintiff's serious medical needs to plaintiff's emergency care by Def.3) Ceja et al., the entire dayroom of I/Ms' commenced to yell, 'MAN DOWN', 'MAN DOWN', this is when Def.2) Harris ran into the dayroom and saw plaintiff on the floor in serious pain, and he activated his alarm for a medical emergency response. Plaintiff was transferred to CIC and was again treated for further serious medical injuries and severe intractable pain that resulted from the second fall.

40. Plaintiff was issued a punitive false RVR Log No.293112 by Def.2) Harris where during the RVR hearing Def.3) Ceja testified in the administrative hearing that he was told by 2nd watch that plaintiff was 'FAKING' the medical emergency requests' and so Def.3) Ceja made a medical assessment of plaintiff's serious medical needs as 'FAKE), that was the reason he did not activate

his alarm... Plaintiff asserts that after these two falls, plaintiff had an MRI-Scan where it was medically determined by a surgent named Dr. Tung that plaintiff required immediate surgery do to the severe damage plaintiff had, as a direct result of these two falls that Def.s'2-3) assumed plaintiff was "FAKING".

41. These factual allegations described supra, plausibly support the elements of the violations of plaintiff's 8th and ADA-rights where Def.s3) Ceja and Def.2) Harris both acted in concert to act with inactions and be culpable towards plaintiff's health and safety, where as a direct result of these Def.s'2-3) actions, plaintiff was further injured. Defs'2-3) both failed to protect plaintiff when constitutionally required to do so, infact, these Def.s' failed to prevent plaintiff's injuries had they acted in good faith, but instead, these Def.s'2-3) acted with malice and moved plaintiff's care taker an (ABLE BODY WITH NO DISABILITIES) to a lower lower bunk and remained plaintiff on the top tier. Plaintiff was then denied medical care when plaintiff fell a second time, where Def.s3) made a medical assessment of plaintiff's medical needs and he determined that plaintiff was (FAKING). Def.3) Ceja acted under the color of State Law and oath of office to violate plaintiff's 8th Amendment and ADA-rights where a 'Prima facie' case has been established in the following:

- •Def.3) acted with concert to conspire with Def.2) Harris et al., to expose plaintiff to a substantial high risk of serious harm, where plaintiff alerted these Def.s'2-3) of their legal obligations to protect plaintiff's health & safety, however, these Def.s' 2-3) acted culpably indifferent:towards plaintiff's serious medical needs and over all well being when Def.3) coerced plaintiff to go down the stairs inspite plaintiff's serious medical needs coupled with plaintiff's serious disabilities... Def.s'2-3) both had personal firsthand knowledge of plaintiff's medical conditions and that plaintiff struggled everyday to walk to chow, to medical etc., and that plaintiff's care taker I/M Cruz always assisted plaintiff to chow, medical, library etc... Def.s'2-3) also had knowledge that plaintiff had fell that morning on June 28, 2017 while coming down the stairs and that plaintiff was seeverely injured, all do to this fall...

- •Def.3) Ceja acted culpably indifferent towards plaintiff's serious medical needs and Disabilities when Def.3) maliciously refused to provide plaintiff with medical emergency care..

- •On June 28, 2017 during 3rd watch after plaintiff was coerced with being punished if plaintiff did not go down the stairs, this actions of threats caused plaintiff to fall a second time where this further injured plaintiff's lower back and right leg... Plaintiff was punished for being ADA and for seeking adequate medical care to a serious medical need, and also for seeking ADA-Accommodations...

1

2

3

• Def.3) Ceja engaged in practing medicine without a license where Def.3) who is a correctional offiↄ er made a medical assessment of plaintiff's serious medical needs, when Def.3) determined that plaintiff was "FAKING" and he determined that plaintiff did not require medical emergency care, based on the unlawful diagnosis of Def.3)...

4

5

6

• Def.3) Ceja has caused plaintiff to be severely injured and these injuries are permanently affecting plaintiff to this day... Def.2) Harris and Def.3) Ceja are both legally liable for emotional damages, punitive damages, and compensatory damages, all based on these Def.s'2-3)'s failure to abate these serious high risks conditions that these Def.s2-3) caused plaintiff to go through, where this further injured plaintiff for life...

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Def.s'1-3) each one violated plaintiff's ADA-Rights and discriminated plaintiff from being able to participate

in the ADA-Programs... See Attached Pages...

**Claim 2:** The following civil right has been violated (e.g. right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.):

Def.s'1-3) used their positions to deny plaintiff from being able to participate in the ADA-Services solely

to make plaintiff suffer further pain, and ultimately further severely injure plaintiff. See Attached Pages...

Supporting Facts (Include all facts you consider important to Claim 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Claim 2.):

See Attached Pages...

42. Def.1) Akabike has violated plaintiff's ADA-Rights where Def.1) denied plaintiff the Right to participate in the medical programs where Def.1) maliciously excluded plaintiff from medical services that required Def.1) to provide plaintiff the adequate ADA-Accommodations to a serious medical need when plaintiff repeatedly requested for ADA=Appliances to aid plaintiff in being mobile.

43. Def.1) Akabike acted with malicious culpableness towards plaintiff's repeated requests for ADA-Services and allowed plaintiff to suffer severe pain, and struggle everyday for four (4) month while under care... Not until plaintiff was transferred to R.J. Donovan where plaintiff's PCP at RJD immediately provided plaintiff with adequate pain treatment for the intractable pain plaintiff was and still suffers from, plaintiff was also provided full ADA-Accommodations that were repeatedly denied by Def.1) Akabike.

44. Def.1) was repeatedly told by plaintiff via 7362 Medical forms seeking treatment for plaintiff's severely intractable pain... Plaintiff's severe ADA-Disabilities and mobilities that was causing plaintiff severe pain issues everytime plaintiff was forced to walk to chow, Medical, etc., Plaintiff was denied ADA-Accommodations to an unlawful assignement that placed plaintiff at high risk, this includes the proper housing assignment... Plaintiff was also denied proper ADA-Updates into plaintiff's medical file and chronos, yet Def.1) continued to act culpable by continuing the same course of unconstitutional treatment that violated the ADA-Statute.

Continuation From Section IV. Claim 2
ADA-Violations.
Def.s'2) Harris and Def.3) Ceja

45. Def.s'2) Harris and Def.3) Ceja both conspired to violate plaintiff's ADA-Rights when these two Def.s'2-3) concertedly conspired to deny plaintiff's repeated requests to be provided ADA-Accommodations to a lower lower bunk.

46. Def.s'2-3) acted with malicious intent to conspire with each other and et al to deny plaintiff to be moved to an ADA-Bunk, based on plaintiff's serious medical needs and disabilities, however, instead these Def.s2-3) moved plaintiff's care taker I/M Cruz an able body with not. disabilities, and also who assissted plaintiff with my movements. Def.s2)Harris than falsely alleged in a punitive RVR log no.2931136 filed against plaintiff, that alleged the following:"THAT THERE WERE NO LOWER LOWER TIER BUNKS AVAILABLE", despite the material fact that Def.s'2-3) had just moved plaintiff's care taker, an able body with no disabilities to an ADA-Bunk.

47. Def.s'2-3) have maliciously violated plaintiff's ADA-Title II §§-3.1100 where these Def.s'2-3) punished plaintiff for being disableed and/or for having a serious medical need that required plaintiff to be housed in an ADA-Bunk, yet plaintiff was denied this service and then plaintiff was threatened with coercion, and then punished for being ADA, and for requesting ADA-Accommodations.

**Claim 3:** Def.4) Sherman violated plaintiff's 1st amendment rights of free speech and petition when he allowed his subordinates to inflict malicious retaliations via the holding hostage of plaintiff's legal files where this prevented plaintiff in being able to defend the numerous civil suits against CDCR-Agents, this includes capricious library policies that frusterated plaintiff's ability to access the court's etc.

**Supporting factst:** Please see attached pages.

48. Def.4) Sherman violated plaintiff's 1st Amendment Rights of petition, free speech, and/or to maintain several Federal Suits against multiple CDCR-Agents. On April 26, 2017 plaintiff upon arrival to SATF, plaintiff was denied access to plaintiff's legal files that were being held in storeage by R&R-Staff, where this caused plaintiff a chilling affect to plaintiff's right of petition and access to the court's.

49. On April 26, 2017 the same day plaintiff arrived to SATF, plaintiff immediately filed an I/M Request Form to R&R Sgt. seeking access to plaintiff's legal files do to pending dead-lines and also notifying the court's and the Def.s' of plaintiff's new address.

50. On May 3, 2017 plaintiff filed a "Constructive Notice" (CN) via legal mail and pursuant to Civil Code §§' 18 and 19 to Def.4) Sherman placing him on legal notice of two legal issues. ISSUE ONE: was the legal obstructions to plaintiff's legal files by R&R staff, Def.4)'s subordinates that had plaintiff's legal files in storeage and where these agents refused to provide plaintiff's access to these legal files where plaintiff had multiple court cases with deadlines... ISSUE TWO: was the inadequate library access that was being made available to plaintiff so that plaintiff may be able to defend and prosecute these active civil cases.

51. Plaintiff filed numerous other rights of petition and/or free speech activities at SATF alerting the Def.s'4) Sherman's and his subordinates via 22-Forms, 602s', and having plaintiff's loved one's file additional complaints both via phone calls and/or in writing on behalf of plaintiff, from May 2017 through June 2017 addressing the retaliatory obstructions by R&R-Agents and the Senior Librarian that were impeding, and chilling plaintiff's access to the court's. Def.4) was repeatedly informed of these patterns and customs, yet he refused to act when a duty to act existed.

52. Plaintiff filed another 'Constructive Notice' CN to Def.4)'s Direct supervisor the Secretary of CDCR reporting Def.4)'s inactions and acquiescence to the constitutional deprivations against plaintiff that was having a chilling effect.

53. Def.4) Sherman harbored an animus against plaintiff for plaintiff filing the above (CN)s', 602s, 22-Forms, and having plaintiff's loved one's filing complaints to Def.4) on behalf of

plaintiff relating to Def.4)'s subordinates malicious medical indifferences, and the retaliatory
obstructions to a protected conduct that was being systematically chilled.

54. Def.4) used his position when he personally participated in these deprivations of
constitutional rights when Def.4) Sherman acted with inactions after being repeatedly alerted, notif-
ied, and/or placed on legal notice by plaintiff, and by plaintiff's Loved One's of the chilling affect
the actions of his subordinates were inflicting on plaintiff via their patterns and customs.

55. Def.4) was personally aware of the series of retaliatory acts by others that he was
responsible for , yet Def.4) SHERMAN refused to terminate these series of retaliatory acts by others,
which Def.4) supervised and knew would cause plaintiff constitutional injury.

56. Def.4) directly participated in several appeal responses Log No.s' SATF-B-17-02333,
and SATF-B-17-00492 where he was the reviewing supervisor when Def.4) failed to take corrective
action when he had the authority to correct, end and/or prevent future constitutional deprivations.
Instead, Def.4) acted with inactions and allowed the unconstitutional violations to continue against
plaintiff... The retaliations became more overt that it forced plaintiff to seek a (TRO) against
Def.4) et al., for civil case no. EDCV-15-00613-VBF-KS on June 1, 2017 where plaintiff was being
obstructed so severely that plaintiff was not able to defend the suit based on the tactics Def.4)
and his subordinates were inflicting on plaintiff.

57. Def.4) had personal firsthand knowledge of the ongoing retaliations and obstructions
to the court's where these patterns and customs were causing a chilling affect on plaintiff. Def.4)
acted with inaction and failed to train, supervise, or control Def.4)'s subordinates that were
retaliating against plaintiff for reporting them to Def.4) and Def.4)'s direct supervisor. Def.4)
acted with acquiescence to the constitutional deprivations that plaintiff repeatedly reported to
Def.4). These factual allegations plausibly support the elements of a 1st Amendment rights violations
to plaintiff's right of petition, and/or right to maintain a Federal suit, and also fore being
ADA and seeking ADA-Accommodations, where plaintiff was punished for exercising these protected
conducts. A Prima Facie Case has been established in the following :

•Def.4) was placed on legal notice by plaintiff via the filing of CN's', 602s, Plaintiff's loved one's filing CN's', and/or making phone calls to Def.4) and up to Sacramento on behalf of plaintiff... Plaintiff filed a **(TRO)** that Def.4) was served a copy by plaintiff via legal mail addressing the retaliatory customs or patterns of unconstitutional deprivations, however, Def.4) Sherman failed to act, to prevent, to end, and/or to correct these deprivations via Def.4)'s inactions

•Def.4) had knowledge of these deprivations and he acted with acquiescence via the I/M Appeals process when Def.4) provided a debauched SLR and failed to take corrective action, where Def.4)'s inactions allowed these types of violations to continue... Def.4) cancelled a complaint log No. SATF-0-18-00492 against Def.4), filed by plaintiff where plaintiff addressed these constitutional deprivations supra (ffls' 1-57)...

•Def.4) again used used his position to debauch an SLR to appeal log no. SATF-B-17-03736 filed on 7/6/17 against Def.s'2-3) et al., addressing the constitutional deprivations raised in appeal log no. SATF-A-17-04075 that Def.4) cancelled in retaliation.

•Plaintiff was animusly punished systematically by Def.4)'s subordinates for exercising a protected conduct, for maintaining several suits against CDCR agents, for filing several CN's', 602s, 22-Forms, and /or having plaintiff's loved one's file both writen and/or verbal complaints on behalf of plaintiff to Def.4), and then the complaints went outside of SATF to Sacramento reporting Def.4)'s inactions... where Def.4) knew of these complaints being filed against him by plaintiff and plaintiff's loved one's, and (THE TRO) that was filed against him by plaintiff, these protected act of conducts caused Def.4) Sherman to harbore an animus against plaintiff, these acts caused plaintiff a chilling effect .... Def. 4) is liable for the above violations and injuries plaintiff obtained as a direct result of Def.4)'s failure to act when a duty existed.

## V. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statues.

1). Plaintiff seeks compensatory damages against each Def.s'1-4); Punitive Damages against each Def.s'1-4), Emotional damages against each Def.s'1-4), plaintiff demands for a jury trial, 2). Plaintiff seeks declaratory relief to the parites rights, and 3). Plaintiff demnads judgment to be entered against the Def.s'1-4) listed in this complaint...

I declare under penalty of perjury that the foregoing is true and correct.

Date: Feb. 19, 2020          Signature of Plaintiff: [Without Prejudice]

(Revised 4/4/14)

<u>VERIFICATION</u>

I am the petitioner in this matter. I have read the allegations contained in the petition and know them to be true of my own personal knowledge.

EXECUTED THIS ___18th___ DAY OF ___Feb.___ 2020 ___

UNDER PENALTY OF PERJURY On RJD c/o 480 Alta Rd. on ___

CALIFORNIA, County of ___San Diego, [92179]___

[ Without Prejudice ] UCC-1-207 & 1-308

BY ___

AFFIANT, AUTHORIZED REPRESENTATIVE—(AR)
Third Party Interest Intervener,
Alvaro: Quezada, Trustee
ALVARO QUEZADA TRUST COPYRIGHT
c/o Alvaro: Quezada Trustee

Non-Domestic Without the US

CERTIFICATE OF SERVICE

Case Name: ALVARO QUEZADA, _____ v.S. SHERMAN, ET AL.,

Case No.: 1:18-cv-00979-DAD-JLT-

IMPORTANT: You must send a copy of ALL documents filed with the court and
any attachments to counsel for ALL parties in this case. You must also file a
certificate of service with this court telling us that you have done so. You may use
this certificate of service as a master copy, and fill in the title of the document you
are filing. Please list below the names and addresses of the parties who were sent a
copy of your document and the dates on which they were served. Be sure to sign
the statement below. You must attach a copy of the certificate of service to each of
the copies and the copy you file with the court.

[Without Prejudice] UCC-1-207 & UCC-1-308
I certify that a copy of the *Third Amended Complaint. Per ECF No 28*
(Name of document you are filing (i.e., opening
brief, motion, etc.)

and any attachments was served, either in person or by mail, on the persons listed
below.

[Without Prejudice] UCC-1-207 & UCC-1-308

By: _____

**Signature**
Notary NOT required
Authorized Representative, (A.R.)

Name
Clerk of the USDC for the
Eastern District of Calif.

Address
2500 Tulare St., RM-1-500
Fresno, CA 93721

Date Served
2/19/20

PROOF OF SERVICE BY MAIL

1

2

3   I   ALVARO QUEZADA TRUST COPYRIGHT®                          declare,

4   That I am over 18 years of age, and a party to the attached herein

5   case of action, non-assumpsit at RJD                    On the county

6   On San Diego,   On California. My mailing address is, c/o 480 Alta Road

7   On San Diego, On California, [ 92179 ]                   up or low,

8

9   On   Feb.19   , 2020 , I delivered to prison officials for,

10  mailing at the above address, the attached: Third Amended Complaint

11  (TAC) Per ECF No. 29

12  Re: 1:18-cv-00797-DAD-JLT-

13  In sealed envelope(s) with postage fully prepaid, addressed to:

14  (1). Clerk Marianne Matherly, USDC         (2).

15  Eastern District Of California 2500 Tulare

16  St., Rm. 1-500 Fresno, CA 93721

17

18  (3).                                      (4).

19

20

21

22  I declare under the penalty of perjury that the foregoing is true

23  and correct. Executed this  19  day of  Feb          , 2020 , RJD FAC. Corr.
    c/o 480 Alta Road On San Diego, On California [ 92179 ]

24                                         Non-Domestic Without The US.

25                              [Without Prejudice] UCC 1-207 & 1-308

26
    3U  AUTHORIZED REPRESENTATIVE, (A.R.),
27

28