UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA,<br><br>            Plaintiff,<br><br>    v.<br><br>S. SHERMAN, et al.,<br><br>            Defendants. | No. 1:18-cv-00797-DAD-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 30) |

Plaintiff Alvaro Quezada is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 20, 2020, the assigned magistrate judge issued findings and recommendations, finding that plaintiff's third amended complaint ("TAC") states cognizable claims of deliberate indifference against defendants Akabike, Ceja, and Harris.  (Doc. No. 30.)  The magistrate judge further recommended that defendant Sherman and all of plaintiffs' remaining claims be dismissed for failure to state a cognizable claim and without further leave to amend in light of plaintiff's unsuccessful attempts to state cognizable claims in that regard.  (*Id.* at 1.)  The findings and recommendations were served on plaintiff and provided him twenty-one (21) days to file objections.  (*Id.* at 14.)  On September 28, 2020, plaintiff untimely filed objections to the findings and recommendations.  (Doc. No. 33.)

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Out of an abundance of caution, the undersigned has reviewed plaintiff's untimely objections to the findings and recommendations. Nevertheless, the undersigned is not persuaded by those objections. To the extent that plaintiff objects to the magistrate judge's analysis of his deliberate indifference claims, those objections are misplaced. (*See* Doc. No. 33 at 1–5.) The undersigned notes that each of those objections are unnecessary mischaracterizations of the magistrate judge's analysis, particularly because the magistrate judge found that plaintiff has stated cognizable deliberate indifference claims. (*See* Doc. No. 30 at 5–9.) Regarding the recommended dismissal of his Americans with Disabilities Act ("ADA") claims, plaintiff argues that he did not intend to sue defendants in their individual capacities. (Doc. No. 33 at 5.)[1] Plaintiff also argues that his mistake in that regard does not mean that defendant Akabike did not commit ADA violations. This argument is unavailing. The magistrate judge noted, and the undersigned agrees, that plaintiff "does not allege facts that show he was excluded from participation in, or denied the benefits of, any service or programs offered by the prison because of his disability, or that he was subjected to any type of discrimination by reason of his disability." (*See* Doc. No. 30 at 10.)

Accordingly,

1. The findings and recommendations issued on July 20, 2020 (Doc. No. 30) are adopted in full;

---

[1] In his objections plaintiff actually states that "plaintiff failed to list the [defendants] in their individual capacities." (Doc. No. 33 at 5.) However, the findings and recommendations noted that plaintiff's claim is not cognizable in part because he *does* sue defendants in their individual capacities. (*See* Doc. No. 30 at 10); *Vinson v. Thomas*, 288 F.3d 1145, 1148 (9th Cir. 2002) (holding that plaintiff could "not pursue a section 1983 claim against [defendant] in her individual capacity for her alleged violation of either the ADA or the Rehabilitation Act"). In light of this finding, and out of an abundance of caution, the undersigned construes the objection as conveying that plaintiff did *not* intend to sue defendants in their individual capacities.

2. The claims in plaintiff's third amended complaint—except for plaintiff's deliberate indifference claims against defendants Akabike, Ceja, and Harris—are dismissed without further leave to amend;

3. Defendant Sherman is dismissed from this action;

4. The Clerk of the Court is directed to change the title of this case to "*Quezada v. Akabike, et al.*" in light of defendant Sherman's dismissal; and

5. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **December 28, 2020**

UNITED STATES DISTRICT JUDGE