UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA,<br><br>    Plaintiff,<br><br>    v.<br><br>AKABIKE, et al.,<br><br>    Defendants. | No. 1:18-cv-00797-DAD-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. Nos. 41, 48) |

    Plaintiff Alvaro Quezada is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    This matter proceeds on plaintiff's third amended complaint (Doc. No. 29) on claims of deliberate indifference to serious medical needs against defendants Akabike, Ceja, and Harris. (Doc. No. 36.) On September 29, 2021, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion to dismiss be granted in part and denied in part. (Doc. No. 48.) (*Id.* at 3–4.) The magistrate judge found that plaintiff stated cognizable claims of deliberate indifference with respect to his first and second claims, but failed to state a cognizable claim with respect to his third claim because plaintiff failed to allege facts showing that he was harmed as a result of defendant Ceja's alleged refusal to activate his medical

1

emergency alarm after plaintiff's second fall when defendant Harris activated his alarm immediately thereafter. (*Id.* at 3–4, 10.) Regarding plaintiff's deliberate indifference claim related to defendants Ceja and Harris's refusal to move plaintiff to a lower-tier cell and forcing him to walk down stairs where he fell a second time, the magistrate judge found that a more developed factual record is required to conclusively determine whether defendants Ceja and Harris are entitled to qualified immunity. (*Id.* at 11–12.) The findings and recommendations were served on the parties and provided 21 days to file objections thereto. (*Id.* at 13.) Plaintiff filed objections on October 25, 2021, and defendants filed a response thereto on November 8, 2021. (Doc. Nos. 49, 51.) Defendants have not filed objections to the pending findings and recommendations, and the time to do so has passed.

Although plaintiff objects to the magistrate judge's recommendation that his third claim for relief be dismissed, plaintiff does not meaningfully call into question the finding that his third amended complaint fails to plead facts, if proven, showing that plaintiff was harmed as a result of defendant Ceja's alleged failure to activate his medical emergency alarm. In his objections, plaintiff conflates his second and third claims, and focuses on defendants' alleged misconduct, as opposed to the harm allegedly caused by the misconduct specifically alleged in his third claim for relief. (*See* Doc. No. 49 at 2–6.) Where plaintiff does allege harm, his allegations are conclusory and not supported by adequate factual allegations. (I*d.*) *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted). Given that plaintiff has not only failed to plead sufficient facts in his claim 3 showing that he was harmed as a result of defendant Ceja's alleged actions or inaction in his third amended complaint, but also has failed to suggest that he could allege such facts in his opposition to defendants' motion to dismiss and in his objections to the magistrate judge's findings and recommendations, the court finds that plaintiff would be unable to plead sufficient facts to cure this deficiency in a fourth amended complaint. Therefore, because the granting of further leave to amend would be futile, plaintiff's third claim will be dismissed without leave to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

/////

1    Lastly, plaintiff's objection to the magistrate judge's recommendation regarding qualified
2 immunity is misplaced.  The magistrate judge recommended that defendants' motion to dismiss
3 on qualified-immunity grounds be denied.  (Doc. No. 48 at 12.)  Such denial at the pleading stage
4 does not preclude defendants from moving for summary judgment on qualified immunity grounds
5 following the conducting of discovery in this action.
6    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
7 *de novo* review of this case.  Having carefully reviewed the file, including plaintiff's objections,
8 the court finds the findings and recommendations to be supported by the record and proper
9 analysis.
10    Accordingly,
11    1.   The findings and recommendations issued on September 29, 2021 (Doc. No. 48)
12         are adopted in full;
13    2.   Defendants' motion to dismiss plaintiff's third amended complaint (Doc. No. 41)
14         is granted in part and denied in part as follows:
15         a.   Plaintiff's claim of deliberate indifference against defendant Ceja based
16              upon defendant Ceja's alleged refusal to activate his medical emergency
17              alarm is dismissed without leave to amend;
18         b.   Plaintiff's remaining claims of deliberate indifference will be permitted to
19              proceed with defendants' motion to dismiss otherwise being denied; and
20    3.   This case is referred back to the assigned magistrate judge for further proceedings.
21 IT IS SO ORDERED.
22    Dated:  **November 15, 2021**
23                                                UNITED STATES DISTRICT JUDGE

3